WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Quinones,<br><br>  Plaintiff,<br><br>v.<br><br>MTC Financial Incorporated, et al.,<br><br>  Defendants. | No. CV-17-00481-TUC-CKJ<br><br>**ORDER** |

Plaintiff commenced this action against multiple Defendants, including MTC Financial and its agent Amanda Alcantara, in Arizona state court. *See* Doc. 1-1 (stating various counts related to an allegedly unlawful foreclosure). Defendants then filed to remove the case to this Court; claiming that the only non-diverse defendant — Amanda Alcantara — was "fraudulently joined," therefore "complete diversity" exists for purposes of federal jurisdiction. *See* Doc. 1 at pg. 5; *see also*, *Roth v Allstate*, 17-CV-587 (D. Ariz., Feb. 7, 2018) ("A federal court only possesses jurisdiction pursuant to 28 U.S.C. § 1332 if 'complete diversity' exists.").

Plaintiff has now filed a motion to remand asserting that the Complaint alleges a "possible" claim against Alcantara and that Defendants failed to properly remove the case. *See* Doc. 20 (claiming that Defendants have not overcome the "heavy burden" of demonstrating that Alcantara was "fraudulently" named in the Complaint). The Court has also received and considered Defendants' motions in opposition, and Plaintiff's replys thereto. *See* Docs. 25, 27, 29, and 30.

A person is fraudulently joined if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *See IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987)).

Courts resolve uncertainty in favor of remand, and can only retain jurisdiction if a plaintiff has no reasonable possibility of a claim against the non-diverse defendant. *Id.* (holding that "there is a presumption against removal [and] the defendant has the burden of establishing that removal is proper and thus that fraudulent joinder exists").

Here, Defendants provide no extrinsic evidence that Plaintiff specifically named Alcantara as a defendant simply for the fraudulent purpose of defeating diversity jurisdiction. *See generally*, Docs. 25 & 27. Rather, Defendants argue that Plaintiff has failed to adequately allege a plausible claim for relief against Alcantara based on state law. *Id.* (relying on analysis that turns on the correct interpretation of state law).[1]

However, the standard for whether a defendant was "fraudulently joined" is less than the "plausibility" standard for adjudicating a motion to dismiss. *See Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder"). And in Arizona, an agent can be independently liable for actions taken within the scope of their responsibilities. *See Griffith v. Faltz*, 162 Ariz. 599, 600–01 (Ct. App. 1990) ("It is well-established law that an agent will not be excused from responsibility for tortious conduct [when] acting for [a] principal."); *see also*, *4801 E. Washington St. Holdings, LLC, acting ex rel. CW Capital Asset Mgmt. LLC v. Breakwater Equity Partners LLC*, 2015 WL 1859057, at *8 (D. Ariz. Apr. 23, 2015) (finding, under Arizona law, "whether an agent is acting on [their] own behalf or for another is immaterial to [personal] liability") (quoting *Griffith*).

---

[1] *See further*, *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (explaining that, when adjudicating a motion to remand, a "district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff").

Ultimately, Plaintiff has stated a possible tort claim against Alcantara as the individual who executed various — allegedly fraudulent — documents as Defendant MTC's Arizona agent. *See* Doc. 1-1 at pgs. 12 & 22 (alleging a violation of A.R.S. § 33-420(A) and "aiding and abetting"). While the merits of this claim are not certain, it is possible that Alcantara could face personal liability for her actions on behalf of MTC. *See*, *e.g.*, *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 485 (2002) ("Arizona recognizes aiding and abetting as embodied in Restatement § 876(b), that a person who aids and abets a tortfeasor is [themselves] liable for the resulting harm to a third person").

Accordingly, IT IS ORDERED that Plaintiff's motion (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that this action is REMANDED to Pima County Superior Court.

IT IS FURTHER ORDERED that all pending motions (Docs. 7, 8, 9, and 11) are TERMINATED on CM/ECF as "moot."

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment closing this civil action, and mail a certified copy of this Order to Pima County Superior Court.

Dated this 18th day of April, 2018.

Honorable Cindy K. Jorgenson
United States District Judge